IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENICE SHALA JOY FARMER;
SARAH RODGERS; ARIANNA
BUTCHER; and TAMMY PENNINGTON,

    Plaintiffs,

v.

PASSAGES TREATMENT CENTERS
OF MALIBU,

    Defendant.

Case No. 3:17-cv-01515-AC

ORDER TO DISMISS

SIMON, Judge.

Plaintiff Denice Shala Joy Farmer, an inmate at the Coffee Creek Correctional Facility, brings this civil action *pro se*.[1] Pursuant to an order entered this date, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.

---

[1] Pursuant to an Order entered this date, the Court dismissed the remaining three Plaintiffs from this action for failure to prosecute.

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff alleges that her claim is based on "false advertising saying passages cures addiction." In support of her claim, she alleges as follows:

> All passages commercials claim to cure addiction. You cannot cure addiction. There is no medical sientifical [sic] cure for alcoholism or drug addiction. Thus leading to false advertisement. On[e] commercial states I was an addict now I'm not. We are all overly thinking of this place because all we want is to be cured of addiction.

By way of remedy, Plaintiff seeks $5 million in money damages "for false hope."

## STANDARDS

A district court must dismiss an action initiated by a plaintiff proceeding *in forma pauperis* if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

When a plaintiff is proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A *pro se* plaintiff

will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1112, 1130-31 (9th Cir. 2000).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Federal jurisdiction may be based upon the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. To establish diversity jurisdiction, a plaintiff must allege that he or she is a citizen of one state, that all of the defendants are citizens of other states, and that the damages are more than $75,000.

In her Complaint, Plaintiff does not indicate any basis for jurisdiction. She alleges "false advertising" against a private entity, but does not alleges facts establishing citizenship. As such, this Court lacks diversity jurisdiction. Plaintiff also cites no federal constitutional, statutory, or treaty right at issue.[2] Because Plaintiff fails to identify a basis for federal jurisdiction, this Court lacks

---

[2] If subject matter is based on the existence of a federal question, a plaintiff must show she has alleged a claim for relief arising under federal law and that the claim is not frivolous. To the extent Plaintiff's Complaint may be liberally construed as an attempt to state a violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), which "forbids the use of . . . false descriptions in the advertising and sale of goods and services," Plaintiff fails to plead facts establishing the five elements of such a claim:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to

3 - ORDER TO DISMISS -

subject matter jurisdiction and must dismiss the Complaint. *See* Fed. R. Civ. P. 12(h)(3) (court is required to dismiss an action if the court determines that it lacks subject matter jurisdiction); *see also Butler v. Forest Grove Police Department*, Case No. 3:16-cv-02403-SI, 2017 WL 57129 (D. Or. Jan. 4, 2017) (dismissing Complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED for apparent lack of jurisdiction. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Failure to file an Amended Complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 6th day of February, 2018.

Michael H. Simon
United States District Judge

---

be injured as a result of the false statement.

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

4 - ORDER TO DISMISS -